UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.  Case Nos. 3:08cr22/LAC/CJK
3:12cv432/LAC/CJK

STEPAN BONDARENKO
_____/

REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. 925).  The Government has filed a response in opposition thereto (doc. 943).  Defendant neither filed a reply nor responded to the court's order to show cause requiring supplemental briefing.  (*See* docs. 944, 1177).  The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b).  After review of the record and the arguments presented, it is the opinion of the undersigned that Defendant's motion should be dismissed as untimely.

PROCEDURAL BACKGROUND

Defendant was charged in a superseding indictment with various charges related to internet distribution of child pornography.  (Doc. 78, counts 1, 2, 4, 27,

40).[1]   Defendant was represented by retained counsel Earl Gerald Kauffman. Defendant pleaded guilty pursuant to a standard written plea agreement to Counts One, Two, Four and Twenty-Seven of the superseding indictment.  (Doc. 186).

The Presentence Investigation Report ("PSR") was disclosed to the defense on February 9, 2009.[2]  The PSR calculated Defendant's base offense level as 35.  He received a four level upward adjustment because the offense involved a victim under the age of twelve, a two level adjustment because the offense involved the use of a computer, a two level adjustment for obstruction of justice and a three level downward adjustment for acceptance of responsibility.  His total offense level was 40.  Defendant had no criminal history, and thus a criminal history category of I.  The applicable guidelines range for Count One was 292 to 365 months.  Due to a statutory maximum of 30 years, the guidelines range became 292 to 360 months on Counts Two and Four.  The guidelines range for Count Twenty-Seven was 240 months due to the statutory maximum term of 20 years imprisonment.

Defendant was sentenced to a term of 240 months imprisonment on each count, with each count to run concurrently.  (Docs. 601, 629, 729).  The court noted that the sentence was below the guidelines on Counts One, Two and Four, and was the statutory maximum on Count Twenty-Seven.  (Doc. 729 at 9).[3]

Defendant appealed, and on appeal the Government conceded error in that Defendant Bondarenko's and others' convictions of both engaging in a child

---

[1] Defendant was not charged in the original indictment in this case.

[2] The actual PSR is not part of the court's electronic file, but the undersigned has reviewed same.

[3] The sentence was also the statutory minimum applicable to Count One.  (Doc. 728 at 13).

Case Nos.: 3:08cr22/LAC/CJK; 3:12cv432/LAC/CJK

exploitation enterprise (Count One) and a conspiracy premised on the same acts (Count Two) was a violation of double jeopardy. (Doc. 887 at 11, 20–23). The Eleventh Circuit remanded Defendant's case for re-sentencing, and on July 1, 2011, the district court imposed the same 240 month sentence on Counts One, Four and Twenty-Seven. (Docs. 890, 891).

Nothing further was filed in Defendant's case until Defendant filed the instant motion to vacate pursuant to the prison mailbox rule[4] on August 24, 2012. (Doc. 925 at 6). In the present motion, Defendant raises three grounds for relief. He contends that his conviction was obtained in violation of Double Jeopardy, that counsel was constitutionally ineffective for his failure to raise and preserve this issue and other alleged failings, and that he was denied his right to appeal when counsel failed to notify him of his deadline for filing a direct appeal after re-sentencing. The Government filed a response in opposition to Defendant's claims. After reviewing the record, the court noted that, although the issue was not addressed by either party, the motion appeared to be untimely. It therefore entered an order directing Defendant to show cause why his motion should not be dismissed as such. Defendant did not respond. The Government filed a supplemental response in which it argued that the motion is also subject to dismissal as untimely. (Doc. 1180).

---

[4] A pro se inmate's pleading is deemed filed at the time it is placed in the prison mailbox or delivered to prison authorities for mailing. *See Houston v. Lack,* 487 U.S. 266 (1988) (holding that a pro se inmate's notice of appeal was filed as of the time he placed it in the prison mailbox, thus creating the "prison mailbox rule"); *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (absent evidence to the contrary, court assumes that a pro se petition is delivered to prison authorities for mailing the date it was signed).

Case Nos.: 3:08cr22/LAC/CJK; 3:12cv432/LAC/CJK

## LEGAL ANALYSIS

Title 28 U.S.C. § 2255(f) imposes a one year time limitation on the filing of motions under this section. The one year period of time runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255(f). If a defendant does not file an appeal, his conviction becomes final when the fourteen day time period for filing an appeal expires. *See* Fed.R.App.P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000). In this case, Defendant's amended judgment was dated July 1, 2011. Defendant's sentence, as amended, thus became final on July 15, 2011. To have been timely filed, his § 2255 motion had to be filed no later than July 15, 2012. As noted above, his motion was not filed until August 24, 2012. Therefore, it is facially untimely.

Unless Defendant establishes his entitlement to equitable tolling, his motion is time barred. *Jones v. United States*, 304 F.3d 1035, 1038 (11th Cir. 2002) (citing *Akins v. United States*, 204 F.3d 1086, 1089 (11th Cir. 2000)). Equitable tolling is appropriate when a § 2255 motion is untimely because of "extraordinary circumstances that are both beyond [the defendant's] control and unavoidable even

with diligence." *Johnson v. United States*, 340 F.3d 1219, 1226 (11th Cir. 2003) (citing *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999)). Otherwise stated, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). It only applies in "truly extraordinary circumstances." *Johnson*, 340 F.3d at 1226 (citing *Jones*, 304 F.3d at 1039–40; *Drew*, 297 F.3d at 1286). The onus is on the moving defendant to show that he is entitled to this extraordinary relief. *Johnson*, 340 F.3d at 1226, *Jones*, 304 F.3d at 1040. The court will not relieve a petitioner who has sat upon his rights. *United States v. Cicero*, 214 F.3d 199, 203 (D.C. Cir. 2000) (citing *Coleman v. Johnson*, 184 F.3d 398, 402–03 (5th Cir. 1999)). Defendant offers no explanation for the untimely filing of his § 2255 motion, even after he was specifically afforded the opportunity to do so, and there is nothing in the record to suggest that equitable tolling is warranted.[5] Defendant's motion should thus be denied as untimely.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.

---

[5] Without the need for significant discussion, the court also notes that even if Defendant's motion were not untimely, it would find that Defendant has not established that he is entitled to relief. His claims are procedurally barred, contradicted by documents within the record, or without merit (*see* doc. 943).

Case Nos.: 3:08cr22/LAC/CJK; 3:12cv432/LAC/CJK

§ 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully **RECOMMENDED**:

1. The motion to vacate, set aside, or correct sentence (doc. 925) **DENIED and DISMISSED** as untimely.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 23rd day of April, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

Case Nos.: 3:08cr22/LAC/CJK; 3:12cv432/LAC/CJK

## NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.**  *See* **28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**